IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff<br><br>vs.<br><br>JONATHAN OVALLE SOLIS,<br><br>        Defendant. | 8:23CR215<br><br>PLAINTIFF'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the District of Nebraska, offers its written Sentencing Memorandum in advance of the sentencing hearing scheduled for March 21, 2025.

**Procedural History**

The Defendant was charged as a result of his involvement with a Mexico Source of Supply (SOS) of methamphetamine who supplies the Omaha, Nebraska and Council Bluffs area. The defendant was a local courier who was distributing the SOS's methamphetamine in Nebraska and Iowa.

On July 20, 2023, special agents with the FBI utilized an undercover agent who purchased one pound of methamphetamine from the defendant in the Omaha area. Test results revealed the one pound contained approximately 402 grams of actual methamphetamine.

During the course of the drug conspiracy, surveillance officers observed the defendant meet with other coconspirators and conduct suspected drug deals, including a documented delivery of 174 grams of actual meth to codefendant Reiman on August 23, 2023.

1

An Indictment was filed for drug conspiracy on October 17, 2023 charging the defendant with drug conspiracy of 500 grams or more of methamphetamine and distribution of 50 grams or more of methamphetamine.  (Filing No. 1).  On January 17, 2024, the Grand Jury for the District of Nebraska returned a five-count Superseding Indictment which again named Solis as one of the codefendants.  (Filing No. 61).  Solis was charged in Count I with violating Title 21, United States Code, Section 846, conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.  He was also charged in Count III with violating Title 21, United States Code, Section 841, distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

On January 25, 2024, the defendant appeared in the Southern District of Texas for an initial appearance, identity, and detention hearing. The defendant waived the identity hearing and reserved his right to have the detention hearing in the prosecuting district. The defendant remained in custody and was remanded into the custody of the U.S. Marshal to be transferred to the charging district (PSR ¶ 8).

On February 29, 2024, the defendant had his initial appearance, arraignment and detention hearing in the District of Nebraska on the Superseding Indictment.  The defendant entered his plea of not guilty on all counts and submitted on the matter of detention.  The government's oral motion for detention as to flight and danger was granted. The defendant was remanded to the custody of the U.S. Marshal to be detained pending further order of the Court. (Filing No. 135; Filing No. 138).

On November 25, 2024, the defendant pled guilty to Count I of the Superseding Indictment.  The government agreed to dismiss Count III of the superseding indictment and original indictment at the time of sentencing.  The parties agreed that the defendant should be held responsible, beyond a reasonable doubt, for at least 500 grams, but less than 1.5 kilograms of actual methamphetamine and that the defendant may be safety valve eligible. The plea of guilty was accepted. The plea agreement was not approved, pending review of Presentence Investigation. (Filing No. 257; Filing No. 260).

On January 6, 2025, a Revised Presentence Investigation Report and was sent to the parties calculating a Total Offense Level 29 and a Criminal History Category I, with a guideline imprisonment range of 87 months to 108 months (PSR ¶ 103). The RPSR noted the offense involved the importation of amphetamines or methamphetamines and applied a two-level enhancement. (PSR ¶ 55). The RPSR also noted that pursuant to USSG § 2D1.1(b)(18), the defendant met the criteria set for in USSG § 5C1.2, therefore, he qualified for the two-level safety valve reduction. (PSR ¶ 56). The government agrees with the two-level enhancement for importation of methamphetamine, and that defendant has met the criteria and is safety valve eligible.

The defendant filed a Motion for Downward Departure & Variance (Filing No. 314) and a restricted Sentencing Memorandum (Filing No. 317) again raising his objection to the importation enhancement and not qualifying for a role reduction. The government does not support a role reduction and believes the importation enhancement has been properly applied because defendant was in direct contact with a Mexican source of supply and distributed methamphetamine for him on multiple occasions.

Lastly the government does not support any departure and believes a guideline sentence is appropriate considering the totality of the defendant's conduct. As noted in the RPSR, the defendant was not held accountable for several drug transactions where the weights could not be specified, and his involvement consisted of agreeing "to come to the United States to work for the Drug Trafficking Organization distributing drugs and collecting money. His role was a drug dealer, rather than merely a drug courier. Additionally, he understood his role in the conspiracy with regard to the Mexican-Based Drug Trafficking Organization." (RPSR p. 21-22).

On February 4, 2025, a Sentencing Recommendation was sent to the parties and the Court recommending a sentence of 87 months' imprisonment.

## Sentencing

The government believes the PSR has been calculated correctly.  At sentencing the government will ask the Court to follow the terms of the plea agreement and sentence the defendant to the low end of his calculated Guideline Range.

**Conclusion**

At the sentencing hearing, Plaintiff will ask the Court to sentence the defendant to a term of imprisonment of 87 months.

MATTHEW R. MOLSEN
Acting United States Attorney
District of Nebraska


By:    s/ Thomas J. Kangior
THOMAS J. KANGIOR #21496
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE  68102-1506
Tel: (402) 661-3700
Fax: (402) 345-5724
E-mail:  thomas.kangior@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on March 20, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.  I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

Lisa Mayland
U.S. Probation and Pretrial Services Officer
lisa_mayland@nep.uscourts.gov


s/ Thomas J. Kangior
THOMAS J. KANGIOR
Assistant U.S. Attorney